The Honorable Jake Files State Representative 2208 N. 46th Terrace Ft. Smith, AR 72904
Dear Representative Files:
You have presented the following question for my opinion:
 Can the funds that were appropriated by Act 1164 of 2001 be used for land acquisition to replace softball diamonds that will be eliminated to allow the expansion of the Ft. Smith National Cemetery?
Act 1164 of 2001 appropriated the amount of $500,000.00 "[f]or costs associated with the expansion by the city of Fort Smith of the National Cemetery in Fort Smith."
You indicate that the city has entered into an agreement with the National Cemetery Acquisition Commission, Inc. (NCAC), under which the NCAC will be granted title to Andrews Field (the city's ball diamonds). You further indicate that the agreement states: "The NCAC and the Sebastian County Girl's [sic] Softball League, INC., acknowledge, by acceptance of the rights in and use of the subject property, that they have committed to the City and its citizens that the Commission and League will work together to raise contributions and grants to replace the public softball facilities now located on the subject property." Finally, you indicate that the NCAC asked for the appropriation that was provided by Act 1164 with the intent that it could be used for land acquisition for softball facility replacement. This use of the appropriated funds is now being questioned, in light of the language of the appropriation act.
RESPONSE
As an initial matter, I must note that this opinion is confined to the issue of the permissible use of appropriated funds. I have not been provided with a copy of any agreement between the City of Fort Smith and the NCAC, and it is not entirely clear who the parties to the agreement are and who is to hold title to the property that is being donated by the City. This opinion should not be construed as an analysis of the terms of that agreement or of its legality. Nor should it be construed as an analysis of the legality of the donation. Rather, this opinion addresses only the issue of the use of the funds appropriated by Act 1164 of 2001.
It is my opinion that the use of the funds appropriated by Act 1164 of 2001, as you have described that use, appears to be permissible under Act 1164 and the other applicable law.
The provision of state law that is most pertinent to the situation you have described is Article 16, § 12 of the Arkansas Constitution, which states:
 No money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation.
Ark. Const., Art. 16, § 12. See also Ark. Const., Art. 5, § 29.
A use of appropriated funds that is not in accordance with the purpose stated in the appropriation act would not only violate Art. 16, § 12, but could also constitute an "illegal exaction" in violation of Art. 16, § 13. See Hartwick v. Thorne, 300 Ark. 502, 780 S.W.2d 531 (1989) (stating that "[a]n illegal exaction is an act that is not authorized or which is contrary to law." Id. at 505).
A determination of whether any particular use of the appropriated funds is contrary to law will require scrutiny of the language of the appropriation act. The first principle in conducting such a scrutiny is to construe the language of the act just as it reads, giving words their ordinary and usually accepted meaning in common language. Doe v. Baum,348 Ark. 259, 72 S.W.3d 476 (2002). See also Atkinson et al v. U of ABd. of Trustees, 262 Ark. 552, 559 S.W.2d 473 (1977) (confining interpretation of appropriation act to language of the act). Having applied this principle to the language of Act 1164 of 2001, I conclude that the language of the act is broad enough to include an expenditure such as you have described.[1] Again, Act 1164 stated that its purpose was to appropriate funds "[f]or costs associated with the expansion by the city of Fort Smith of the National Cemetery in Fort Smith." In order to expand the National Cemetery, the City is donating the ball diamonds. In doing so, the City will incur the cost of replacing the ball diamonds. Given the connection between these events, the cost of replacing the ball diamonds that are to be donated by the City for the expansion of the national cemetery is clearly a "cost associated with the expansion by the city of Fort Smith of the National Cemetery in Fort Smith."
Accordingly, I conclude that an expenditure to replace the ball diamonds is a permissible use of the funds appropriated by Act 1164 of 2001.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] You have not suggested or otherwise indicated that there is any challenge under Art. 5, § 29 to the specificity of the statement of purpose in Act 1164 of 2001.